DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1919.

---

### Samuel Barnett, Plaintiff in Error, v. Morris Levy, Defendant in Error.

### Gen. No. 24,443.

1. AUTOMOBILES AND GARAGES, § 2*—*what is duty of owner driving automobile towards guest.* One riding in an automobile as the guest of the owner is, in a sense, in the custody of such owner, and he must exercise a reasonable degree of care for the safety of his guest.

2. AUTOMOBILES AND GARAGES, § 3*—*when negligence of driver in injuring guest is question for jury.* Negligence of the driver of an automobile causing injury to an occupant, *held* to be a question for the jury, where as the result of the blowing-out of a tire the car turned over, although there was no direct evidence as to what caused the blow-out.

3. AUTOMOBILES AND GARAGES, § 3*—*when instruction as to requisites of declaration is not erroneous.* In an action by the occupant of an automobile against the owner for injuries alleged to have been caused by the latter's negligent operation of the car, an instruction that an allegation in the declaration that plaintiff was riding in the automobile as a guest of the defendant was a necessary and material part of plaintiff's case, was not erroneous.

4. AUTOMOBILES AND GARAGES, § 3*—*when instruction on failure*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*to prove that plaintiff was guest of driver of car is proper.* An instruction was not erroneous that if the persons riding in an automobile were engaged, at the time of the accident, in a joint enterprise, and each of them had agreed to pay his proportionate share of the expenses of the trip, an allegation that plaintiff, who claimed to have been injured through the negligent operation of the car by defendant, was a guest by the invitation of the defendant, was not sustained and plaintiff could not recover.

5. PLEADING, § 451*—*when charge in declaration taken advantage of in apt time.* A charge in the declaration which plaintiff attempted to support by evidence and argument is taken advantage of in apt time by defendant by a request for an instruction thereon.

6. AUTOMOBILES AND GARAGES, § 2*—*when occupant of car may not recover for injuries due to negligence of driver on theory of relationship of guest and host.* A claim by plaintiff in an action against the owner of an automobile that he was the guest of defendant is not sustained by proof merely that he was a lawful occupant of the car, and he cannot recover for injuries caused by defendant's negligent operation on the theory of the violation by the host of a duty owed the guest, where the evidence shows that the parties were in fact engaged in a joint enterprise and had agreed to share all the expenses of an automobile trip proportionately.

7. AUTOMOBILES AND GARAGES, § 3*—*when evidence as to speed of automobile not improperly excluded.* Evidence as to the speed of an automobile was not improperly excluded where it was not clear from the testimony of the witness whether she was competent to judge of, or had any opinion as to the speed of the car at the time of the accident.

8. APPEAL AND ERROR, § 1489*—*when exclusion of evidence not reversible error.* The striking of a statement of a witness, on direct examination, as to the speed of an automobile was not ground for reversal where opinion as to its speed was brought out on cross-examination.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed January 27, 1919.

RICHARD J. FINN, for plaintiff in error; MUNSON T. CASE, of counsel.

RYAN, CONDON & LIVINGSTON, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Cook county in favor of the defendant, in an action begun by plaintiff to recover damages for personal injuries alleged to have been received by him as the result of an accident while riding in an automobile driven by the defendant near Camillus, New York.

The plaintiff's declaration consisted of four counts, in each of which he alleged that on August 18, 1914, he was riding upon a public highway near the town of Camillus, New York, in an automobile driven by defendant as a guest of defendant. The declaration in each of its counts charged that the defendant was negligent in his failure to use ordinary care for the safety of plaintiff in operating the automobile in violation of the New York statute in relation to the speed of automobiles in public highways, and in operating the automobile at an excessive rate of speed which caused one of its tires to puncture and blow out. The jury which tried the case returned a verdict in favor of the defendant. A motion for a new trial was overruled and judgment was entered upon the verdict.

It is insisted upon behalf of plaintiff that he was entitled to recover, notwithstanding the allegation in each count of the declaration that he was riding in the automobile driven by defendant as a guest of defendant, if it could be shown from the evidence that plaintiff was a lawful occupant of the automobile by the consent and permission of defendant.

It cannot be said, as asserted in the briefs of counsel, that the trial judge was of the opinion that defendant owed no duty to plaintiff merely because plaintiff was riding in defendant's automobile by his own choice. We are inclined to the view that instructions given on behalf of defendant tended to show that the trial judge was of the opinion that the burden of proving the material allegations of the declaration rested upon the plaintiff and that plaintiff could not

recover under his declaration in the absence of such proof. One riding in an automobile as the guest of the owner is in a sense in the custody of such owner, who is required by the law to exercise a reasonable degree of care for the safety of his guest. Huddy on Automobiles (4th Ed.), sec. 113. Where, however, it appears that the person complaining occupies some other relation towards the driver or owner of an automobile than that of guest, as, for instance, that of partner or master or servant, different rules of law are applicable with reference to the responsibility and rights of each towards the other.

In Berry on Automobiles (2nd Ed.), sec. 334, it is said:

"The operator of an automobile who invites another to ride with him is bound to exercise reasonable care for the safety of his guest, and if by his negligence the guest is injured, the latter being in the exercise of due care, he is liable in damages therefor."

The above authority and others which are relied upon by counsel for plaintiff correctly hold that it is the duty of an owner or driver of a motor car to use reasonable care in its operation not to unreasonably expose a guest to injury. *Perkins v. Galloway,* 194 Ala. 265.

The inapplicability of these authorities to the evidence before us arises from the fact that one of the principal issues made upon the trial of the cause was that the plaintiff was not at the time of the accident a guest of the defendant; that he and defendant were in fact engaged in a joint enterprise and should be regarded as sustaining a relationship towards each other similar to that of partners.

In *Beard v. Klusmeir,* 158 Ky. 153, it was held that a material variance did not occur between the allegation that a plaintiff was a passenger in defendant's automobile and proof that he was a licensee. In deciding that case the court said:

"In principle, we see no difference between the case

of one who goes upon the premises at the invitation of the owner, and the case of one who takes a ride at the invitation of the owner of the automobile, or other vehicle. In either case the relation of host and guest arises.''

The difference between this case and the one at bar is that here the proof tends to show that no such relationship as host and guest in fact existed between the parties to the accident.

The evidence tends to prove that the plaintiff and the defendant had been friends for some years; that some time before the date of the accident they agreed together to take an automobile trip to New York; that later one Fogel and one Applebaum were asked to join the trip, and that the four men subsequently met and agreed to take the trip and to divide the expenses incurred therein among them; that the plaintiff, Barnett, was agreed upon as a cashier and that he paid all the expenses incurred during the trip, including the hotel bills, meals, gasoline and oil, up to the time of the accident.

At the time the accident happened the defendant was driving the car on a smooth asphalt road near the town of Camillus, New York, when the party overtook a car going in the same direction. Levy's testimony is to the effect that he was driving about 25 miles an hour and that in order to pass the overtaken car it was necessary for him to drive with the two left wheels of his car on a dirt shoulder adjoining the asphalt pavement; that after he had passed this car and had gone about a mile, the rear left tire blew out, which caused the automobile to sway to the right; that he, as quickly as possible, shut off the gas and swung the car to the left to avoid hitting a tree, and that the car ran into a hole near the edge of the pavement and turned over; that after the accident the four persons who were riding in the automobile were taken to a hospital at Syracuse and that thereafter they settled with Barnett for their respective shares of the ex-

penses incurred on the trip. Plaintiff's testimony is to the effect that at and just before the time the accident happened, defendant was driving the car at the rate of from 40 to 52 miles an hour; that he warned defendant that he was running at a dangerous rate of speed and that defendant failed to heed his warning.

There seems to be no dispute in the evidence that the accident, whatever the rate of speed of the car, was directly caused by the blow-out of the tire, and the record contains no direct evidence as to what caused the blow-out. On the whole record we think the question of defendant's negligence was properly left by the trial court to the decision of the jury.

The negligence charged was of a careless operation of the car. On this question the record contains evidence both ways, but even if it be conceded that a preponderance of the evidence shows that the defendant was guilty of the negligence charged, it is not certain that such negligence was the proximate cause of the accident. However, the jury found the defendant not guilty and the record contains evidence in support of the defense that the defendant was driving at the time of the accident with reasonable care.

The court did not err in its instruction to the jury that plaintiff had alleged in each count of the declaration that he was riding in the automobile as a guest of defendant and that this allegation was a necessary and material part of plaintiff's case. The instruction charged the jury that if the persons riding in the automobile were engaged at the time of the accident in a joint enterprise, and that each of them had agreed to pay one-fourth of the expenses of the trip, then the allegation that plaintiff was a guest by the invitation of defendant was not sustained and plaintiff could not recover. We do not think that this instruction was erroneous. The defendant took advantage of this charge in the declaration in apt time by requesting the instruction which was given. The plaintiff charged in the declaration that he was a guest of defendant and

he attempts to support this charge by evidence and argument. *Kirn v. Chicago Journal Co.,* 195 Ill. App. 197.

The case of *Wood v. Illinois Cent. R. Co.,* 185 Ill. App. 180, is not in point. In that case the court held that either of several charges of negligence in the same count of a declaration could be shown in support of a cause of action, and that it was not necessary to prove all of the charges of negligence if the record showed that one of such charges was sufficiently proven.

In *Williams v. Chicago A. R. Co.,* 135 Ill. 491, the Supreme Court said:

"In order to justify a recovery, it is not sufficient to show that the defendant has neglected some duty or obligation existing at common law or imposed by statute, but that the defendant has neglected a duty or obligation which it owes to him who claims damages for the neglect."

Plaintiff charged that defendant had neglected to perform a duty which he owed to him as a guest, and we think that he was required by the law to prove this charge. *Gibson v. Leonard,* 143 Ill. 182.

The authorities are numerous that where two persons sustain personal injuries while engaged in a joint enterprise, if the negligence of one of them proximately contributed to the accident, then such negligence becomes a bar to an action brought by the other against a third person for such injuries. *Beaucage v. Mercer,* 206 Mass. 492.

As hereinbefore stated, the plaintiff in the case at bar rested his right to recovery upon the theory that the relationship of host and guest existed between plaintiff and defendant and that the defendant violated a duty which he owed to plaintiff arising out of such relationship. There was ample evidence in support of defendant's position that the parties were engaged in a joint enterprise, and that the defendant on the facts of the case did not owe to the plaintiff the

duty which plaintiff alleged was violated. Plaintiff did not make out his case by merely proving that he was a lawful occupant of the automobile, nor did he show that he was technically a passenger therein.

The trial court did not err in excluding the testimony of a witness for defendant, a Mrs. Fox, who was asked to give her judgment as to the speed at which the automobile was traveling at the time of the accident. The witness testified that she had frequently ridden in an automobile and that she had noticed the speed at which automobiles traveled. It was not at all clear from her testimony that she was competent to judge of or that she had any opinion as to the rate of speed at which the automobile was traveling at the time of the accident. On direct examination she testified that the automobile was traveling about 50 miles an hour. This testimony was on motion stricken out. On cross-examination, however, she testified:

"I thought a great many times about how cars go by the way I was riding myself. We never ran ours as fast as that. I thought it was going much faster than I ever go. We drive our car between thirty and forty miles. I think this car was going that anyway. I certainly will swear that that automobile was moving in excess of thirty miles an hour."

Her testimony with respect to the speed of the car, whatever its value, was before the jury.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*