**Bertha Walsh, Appellant, v. E. E. Moore and Lulu E. Moore, Appellees.**

1. HIGHWAYS AND STREETS—*when instruction that guest injured in automobile must exercise ordinary care is error.* An instruction that an invited guest in an automobile, engaged with the driver in a common enterprise, must exercise ordinary care to avoid injury to herself, without any charge in the declaration that there was a common enterprise or proof thereof, was erroneous.

2. HIGHWAYS AND STREETS—*when instruction on relative care of driver of automobile and guest is error.* An instruction is erroneous which may easily be construed by the jury trying an action for personal injuries alleged due to negligent driving of an automobile to mean that the

invited guest, who was injured, and the driver of the car must exercise the same sort of care to avoid injury.

3. HIGHWAYS AND STREETS—*negligence of automobile driver in injuring guest as jury question.* An instruction that there was no legal presumption that a driver of an automobile was negligent in driving when an invited guest was injured, is erroneous in view of the fact that the question of negligence on the part of a defendant in a personal injury case is for the jury to determine, taking into consideration the nature of the accident.

4. HIGHWAYS AND STREETS—*assumed risk not defense against invited guest injured in automobile.* An instruction that an invited guest in an automobile assumes the risk of whatever condition the car is in and that the driver need only take care not to increase that risk, is erroneous in treating assumed risk as arising from other than a contractual relation and in stating incorrectly the relation between an automobile driver and his invited guest.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1927. Reversed and remanded. Opinion filed May 14, 1927.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellant.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Bertha Walsh, appellant, sued E. E. Moore and Lulu E. Moore, appellees, in the city court of East St. Louis to recover damages for injuries sustained by her while riding in an automobile owned by appellees and driven by Lulu E. Moore. The first count of the declaration charges that while appellant was riding in said automobile "as a guest of the said defendants, the said defendant, Lulu E. Moore, negligently, improperly and carelessly operated, managed and drove said automobile" so as to cause it to collide with a tree. The second count also charged that the brakes of the automobile were in a defective condition, and that this fact was known to appellees. Appellees filed the general issue and appellee E. E. Moore also

filed a special plea in which he stated that at the time in question the automobile was under the sole management and control of appellee Lulu E. Moore and that she was not acting as his agent, servant or employee.

A verdict was returned in favor of appellees and from the judgment entered against appellant this appeal has been perfected. No evidence was offered on the trial by appellees. From the record it appears that for several years prior to the time the injuries complained of by appellant were received, appellees had roomed and boarded with appellant in the city of East St. Louis. On May 30, 1925, appellant and her son went with Mrs. Moore to Hillsboro and brought back a Mr. Richardson and his wife, who spent the remainder of the day and that night visiting appellees at the home of appellant. On May 31, appellee E. E. Moore asked appellant if she would go with Mrs. Moore to take the Richardsons back to their home at Hillsboro. Mrs. Moore also testified that she invited appellant to accompany her. On the way back, just after they had passed through Greenville, and while travelling on a gravel road the car swerved from the road. Mrs. Moore who was driving was unable to stop or control it and there was a head-on collision with a tree. Appellant was thrown out of the back seat where she was riding and received certain injuries. Mrs. Moore, who was called as a witness by appellant, testified that at the time they were going down a hill and that her foot brake did not work; that she had known for several days her foot brake was out of repair; that she could have stopped the car by using the emergency brake and that she should have done so.

The argument of appellant is devoted almost wholly to presenting alleged errors on the part of the trial court in giving instructions in behalf of appellees. The first instruction given in behalf of appellees reads as follows: ''The Court instructs the jury that even though you may believe from the evidence that the

plaintiff was an invited guest of the defendant, and that she was engaged with the defendant at the time in the machine of the defendant in a common enterprise or purpose, yet, even under such circumstances the plaintiff would not be excused from the exercise of ordinary care to avoid injury to herself.'' There was no charge in the declaration that appellant and appellees were engaged in a common enterprise nor was there any proof that this was so. From this instruction the jury might well understand that the rule of law as to the diligence required of appellees would be the same whether appellant was in the automobile as a guest of appellees or whether appellant and appellee Lulu E. Moore were engaged in a common enterprise or purpose. The rule of law as to the diligence required by the driver of an automobile in regard to a person riding as an invited guest and in regard to one riding with another upon a common or joint enterprise or purpose is entirely different as is also the rule of due care and caution required of one riding as an invited guest and one riding as a participant in a joint enterprise with the driver. (*Barnett v. Levy,* 213 Ill. App. 129.) The instruction was misleading and should not have been given.

Instruction 3 given in behalf of appellant is as follows: ''The Court instructs the jury that under the circumstances in this case, under the law it was as much the duty of the plaintiff, if she had the opportunity to do so, as it was the duty of the defendant to learn of danger and to avoid it if practicable, and if you believe from the evidence in this case that the plaintiff, by using her faculties with ordinary and reasonable care in looking out for danger and in determining whether or not the automobile was defective, could have avoided injury to herself upon the occasion in question, and if you further believe from the evidence that plaintiff did not use such faculties with ordinary and reasonable care in looking out for dan-

ger, then the plaintiff cannot recover in this case and your verdict should be one finding the defendant not guilty.'' We do not understand that it is as much the duty of an invited guest riding with the owner and driver of an automobile to learn of danger and to avoid it as it is of the driver. The evidence in this case shows that appellant was riding on the rear seat and was having nothing to do with the driving of the automobile. The Appellate Court of the first district in the case of *Christensen.v. Johnston,* 207 Ill. App. 209, quoted with approval the following language from *Clarke v. Connecticut Co.,* 83 Conn. 219.

''What conduct on the passenger's part is necessary to comply with his duty must depend upon all the circumstances, one of which is that he is merely a passenger having no control over the management of the vehicle in which he is being transported, manifestly, the conduct which reasonable care requires of such a passenger will not ordinarily, if in any case, be the same as that which it would require of the driver. While the standard of duty is the same, the conduct required to fulfil that duty is ordinarily different because their circumstances are different.'' This instruction might readily be construed by jurors as requiring the same rule of conduct in regard to exercising due care of appellant as of the driver of the car.

Instruction 6 in behalf of appellee advised the jury that there was no presumption in law that Mrs. Moore was negligent or careless in the driving, managing or operation of the automobile in question. This instruction is misleading and has been condemned. The question of negligence on the part of a defendant in a personal injury case is one of fact for the jury to determine, and the nature of the accident may be considered by them in determining that question, and due regard given thereto. (*Cohen v. Weinstein,* 231 Ill. App. 84; *West Chicago St. R. Co. v. Petters,* 196 Ill. 298.)

By instruction No. 8 the court advised the jury that if the evidence showed appellant was riding in the automobile as the guest of appellee and by "his" invitation then appellant assumed the risk of the condition the automobile was then in, and the only duty on the part of appellee towards appellant would be to exercise ordinary care so as not to increase the danger of the undertaking or to create a new danger to the plaintiff. This instruction was clearly erroneous. The doctrine of assumed risk applies only where there is a contractual relation between the parties. (*Mueller v. Phelps,* 252 Ill. 630; *O'Rourke v. Sproul,* 241 Ill. 576; *Conrad v. Springfield Consol. R. Co.,* 240 Ill. 12; *Shoninger Co. v. Mann,* 219 Ill. 242.) This instruction also fails to state the correct rule of law as to the duty owed by appellees to appellant, who was riding as the invited guest. *Barnett v. Levy, supra.*

The instructions herein pointed out as erroneous and misleading constitute reversible error and it follows that this judgment must be reversed and the cause remanded.

*Reversed and remanded.*