### EDWIN J. FEESER v. EDWIN EMERY.

134 N. W. (2d) 23.

March 19, 1965—No. 39,384.

Lee B. Primus, for appellant.

Carroll, Cronan, Roth & Austin, Harold J. Carroll, and Thomas A. Foster, for respondent.

OTIS, JUSTICE.

This is an action against the owner of an automobile brought by a passenger to recover for damages resulting from personal injuries received in an accident which occurred in Illinois. The trial court held that plaintiff was a guest of the defendant under the Illinois statute and submitted to the jury special verdicts, on the basis of which judgment was entered for defendant. Plaintiff appeals from an order denying him a new trial.

The circumstances out of which the accident arose are not in dispute. Plaintiff, Edwin J. Feeser, then approximately 20 years of age, arranged a trip to Chicago with two companions, one being Michael Gleason, who was the driver at the time of the accident, and the other, Michael Emery, the son of the defendant who was the owner of the car. To that end, the three young men borrowed defendant's Volkswagen and left the Twin Cities for Chicago on September 16, 1960. The plaintiff took the wheel at Madison, Wisconsin, and shortly thereafter the car began to weave in what he described as a "bouncing" motion. In response to an inquiry from Gleason as to what caused the difficulty, he stated, "I turned the wheel too far and short steering." Some time later, after stopping for something to eat, Gleason took over the driving, with young Emery in the front seat and plaintiff in the back seat. As the vehicle approached Chicago on the freeway, Gleason turned out to pass another vehicle, and as he returned to the right lane he headed off the road, turned back too far again, and began to zigzag. Thereupon, he held the wheel in a steady position and the car angled from the right side of the road to the left. To avoid colliding with another vehicle which his car was overtaking, Gleason turned the wheel sharply to the right and drove off the road into a light pole. As a result of the accident, Gleason was killed and Feeser was injured. The collision occurred at about 1:30 in the morning. At the time of the accident the roadway was wet. The speed of the car had been between 55 and 60 miles an hour.

While Illinois has no vicarious liability statute equivalent to Minn. St. 170.54, and there is no evidence which would support a finding that the negligence of the driver was imputed to defendant under a

theory of respondeat superior or principal and agent, the parties and the court have treated the Illinois guest statute as one imposing vicarious liability on an owner, and we therefore adopt that rule as the law of the case. The Illinois statute, Ill. Rev. Stat. 1963, c. 95½, § 9-201, reads:

"No person riding in or upon a motor vehicle or motorcycle as a guest without payment for such ride, or while engaged in a joint enterprise with the owner or driver of such motor vehicle or motorcycle, nor his personal representative in the event of the death of such guest, shall have a cause of action for damages against the driver or operator of such motor vehicle or motorcycle, or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle or motorcycle or its owner or his employee or agent and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.

"Nothing contained in this section shall be construed to relieve a motor vehicle or motorcycle carrier of passengers for hire of responsibility for injury or death sustained by any passenger for hire."

The court held as a matter of law that plaintiff was a guest of defendant and submitted the following special verdicts, which were answered by the jury in the manner indicated:

"Question 1. Was Michael Gleason guilty of willful and wanton misconduct in his operation of the motor vehicle at the time of the accident?

"Answer Yes or No: No.

"Question 2. On the trip in question, were Michael Emery, Edwin J. Feeser and Michael Gleason engaged in a joint enterprise?

"Answer Yes or No: Yes.

"Question 3. Was Edwin J. Feeser guilty of assumption of risk?

"Answer Yes or No: Yes.

"Question 4. Was Edwin J. Feeser guilty of contributory negligence?

"Answer Yes or No: No.

"Question 5. If your answer to Question No. 4 is 'Yes,' was that negligence a direct cause of the accident?

"Answer Yes or No: ——.

"Question 6. What is the damage sustained by the plaintiff as a result of this accident?

"Amount: $7,000."

Without deciding whether the facts and the law justify the court's ruling that plaintiff was a guest and without passing on the sufficiency of the evidence to support the other verdicts, we hold it was proper for the jury to determine that plaintiff and his two companions were engaged in a joint enterprise at the time of this accident, thereby imputing the driver's negligence to the plaintiff.

The uncontradicted testimony of plaintiff indicated that the arrangement between him and his companions was to share the expense of operating the automobile, otherwise each to pay for his own meals and personal expenses. The plan was to spend 3 or 4 days in Chicago, but apart from an intention to see a ball game together and do some sightseeing, there was no particular schedule contemplated except to visit the house of a mutual friend for whom they bought a present en route.

Plaintiff attempted to expand on what was to take place in Chicago but was cut short by the trial court on the ground of materiality. While plaintiff now complains that this evidence was germane to the question of joint venture, he made no offer of proof, and we are, in any event, satisfied that the record as it stands is sufficient to warrant a finding there was at least a joint venture with respect to the journey from the Twin Cities to Chicago.

On that issue the court gave the following charge, to which no exception was taken apart from a general objection that joint enterprise was not a proper matter for consideration:

"The law with regard to that particular question is this: There are two elements customarily required by the Court to establish joint enterprise, namely, one, a mutual understanding for a common purpose, and, two, a right to a voice in the direction and control of the means used to carry out the common purpose. Parties cannot be said to be engaged in a joint enterprise within the meaning of the law of negligence unless there be a community of interests in the objects or the purposes

of the undertaking and an equal right to make and govern the movements or the conduct of the other with respect thereto. Each must have a voice and the right to be heard in the control and management. It is generally held that the control required is the legal right to exercise such control. It does not necessarily require that there be actual physical control. The relationship between the parties arising from the engagement or the trip expressed or implied between them must be such that each of them has or is entitled to exercise a voice as to the management of the automobile or the manner in which the automobile shall be controlled and operated while making the trip. In the light of that instruction, you will answer this question yes or no."

While the provision of the Illinois statute concerning joint venture was not added until 1957, it has long been the common law of that state that the negligence of one joint venturer is imputed to another. Barnett v. Levy, 213 Ill. App. 129. Although there are few Illinois cases squarely in point, those which have alluded to the rule suggest to us that the elements of a joint venture contained in the court's charge in the instant case were correctly presented. The essential factors appear to be (1) a preconceived agreement or understanding; (2) a common purpose and community of interest in the project or enterprise; and (3) an equal voice in the direction and control of the vehicle being used in the joint undertaking. Birnbaum v. Kirchner, 337 Ill. App. 25, 30, 85 N. E. (2d) 191, 193; Bridgewater v. Wagoner, 28 Ill. App. (2d) 201, 208, 170 N. E. (2d) 785, 789.[1]

As applied to the facts of the instant case, we are of the opinion that there was ample evidence to sustain a finding that plaintiff and Gleason were engaged in a joint enterprise at the time of this accident. We do not deem it necessary that there be evidence plaintiff and Gleason had prearranged common plans for occupying their time while in Chicago. We believe it was sufficient under Illinois law if the joint enterprise was limited to the manner of transportation to the common destination. Here, the plaintiff, Gleason, and young Emery jointly agreed on a common means of travel to Chicago under circumstances

---

[1]See, *The Illinois Guest Statute*, 54 Nw. U. L. Rev. 263.

where each shared in the expense as well as in the management and control of the vehicle. We therefore hold as a matter of law that there was a joint venture, which under the Illinois statute forecloses plaintiff's recovery against defendant.

Affirmed.