GEORGE POSCH, Respondent, v. SOUTHERN ELECTRIC RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, November 15, 1898.

1. **Common Carrier:** PASSENGER: DEGREE OF SKILL: SERVANTS: NEGLIGENCE. The requirement of a common carrier is, that in the transportation of passengers the servants of the carrier must exercise the utmost care and skill which prudent men would use and exercise in a like business and under similar circumstances.

2. ———: ———: ———: INSTRUCTION. The instruction, in the case at bar, examined and found to state the above rule.

3. **Instructions:** PRACTICE, TRIAL: PRACTICE, APPELLATE. A partial view or a general expression in an instruction may be supplied or explained by other instructions.

4. **Witness:** CROSS-EXAMINATION: PRACTICE, TRIAL. The cross-examination of a witness should be confined to his testimony in chief.

*Appeal from the St Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

ALFRED A. PAXSON and KARL KIMMEL for respondent.

The first instruction given by the court on motion of plaintiff was clear and proper and not subject to the hair-splitting criticism attempted by the defendant. *First.* It was neither misleading nor ambiguous because it is too apparent for argument that the "railroad employees" referred to were such as were under consideration at the time, to wit: Electric Street Railroad employees; but even if the use of the words covered all kinds of railroad employees the wording was proper under the following latest authorities: O'Rourke v. Railway, 142 Mo. loc. cit. 347; Jackson v. Railway, 118 Mo. 199; Jacquin v. Railway, 57 Mo. App. 320. *Second.* The further criticism of the wording of this instruction as requiring the employees of the defendant to exercise such care "as would have been exercised by very careful and skilled railroad employees under like or similar circumstances," is without merit. Even if the correct rule is as stated by applicant, the wording comes within the terms of the rule. A very careful and skillful railroad employee" is surely of no higher degree than if required to exercise "the utmost care and skill which prudent men would use and exercise in like business and under similar circumstances." This subpoint is hypercriticism of the rankest kind as will be seen from consulting the following decisions: Barth v. Railway, 142 Mo. loc. cit. 549 and cases therein cited. The very wording of this instruction it will be seen is taken from

the opinion in the Jacquin case, 57 Mo. App. 320.
*Third.* This subpoint is the crowning hair-splitter.
"It limited plaintiff's care to 'ordinary care for his own
safety.' It should have required him to exercise
ordinary care in attempting to board the defendant's
car." As appellant's counsel quotes no authority
in support of this "astounding proposition" and do not
refer to it in their argument, we will leave it in the
oblivion that its fathers evidently consider it deserves.
* * * As to "the loss of time" element we need
only to refer to one of appellant's inaptly chosen
citations. Jacquin v. Grand Ave. Cable Co., 57 Mo.
App. loc. cit. 336. Appellant says there was no proofs
tending to show loss of earnings. The record speaks
more authoratively than we can on that. See the
record, pp. 14, 15, 39. How instruction number 2
given on the measure of damages could be made more
specific it is hard to conceive. All four of the elements
of damage which our courts have so often declared
make up the measure of plaintiff's right of recovery
are specifically enumerated. "The instruction is not
erroneous in its general scope; and if, in the opinion
of counsel for defendant, it was likely to be misunder-
stood by the jury, it was the duty of the counsel to ask
the modifications and explanations in an instruction
embodying its views." Browning v. Railroad, 124
Mo. 55; McCarroll v. Kansas City, 84 Mo. App. loc.
cit. 238; Haymaker v. Adams, 61 Mo. App. 581. The
reference by appellant to the Jacquin case in 57 Mo.
App. 320, is unfortunate for it, as will be readily seen
from reading the instruction in that case as reported,
and then looking at the two instructions on measure
of damages in the case at bar; one of which is complete
and faultless, the one asked by plaintiff and the
one given by the court of its own motion is correct as
far as it goes; and puts appellant in the novel position

of complaining that the court was too lenient with it, in defining its liability (which surely was no injury to it) and that too after having used this very objection on its motion for new trial and succeeded in getting the trial court thereby to reduce plaintiff's verdict in the amount of $455. This appeal is so evidently without merit and for vexation and delay that respondent asks for an affirmance with ten per cent damages as provided by statute. R. S. 1889, sec. 2305.

LUBKE & MUENCH for appellant.

The first instruction given by the court on motion of plaintiff was misleading and erroneous in stating the degree of care required by the defendant. *First.* It was misleading and ambiguous in that it required defendant's employees on the occasion in controversy to exercise the skill of "railroad employees" generally. This included steam, cable, electric and all other kinds of railroads. Legg v. Johnson, 23 Mo. App. 590; Dunn v. Danaker, 87 Mo. 597. *Second.* It required them to exercise such a high degree of care "as would have been exercised by very careful and skillful railroad employees." The correct rule as declared by the supreme court and Kansas City court of appeals is "the utmost care and skill which prudent men would use and exercise in like business and under similar circumstances." Gibson v. Railway, 76 Mo. 282; Jacquin v. Grand Ave. Cable Co., 57 Mo. App. 333; Jackson v. Railroad, 118 Mo. 224; Sullivan v. Railroad, 133 Mo. 1. *Third.* It limited plaintiff's care to "ordinary care for his own safety." It should have required him to exercise ordinary care in attempting to board the defendant's car. The court also erred in refusing to give as asked the defendant's instruction numbered 6. It was correctly framed and was supported by evidence.

Under the statute the defendant had the right to move for the instruction, and it should have been given as asked. R. S. 1889, sec. 2188. * * * It is error to exclude on cross-examination statements previously made by a witness inconsistent with his testimony. Spohn v. Railroad, 101 Mo. 417; Hamilton v. Rich Hill Mining Co., 108 Mo. 364; Brown v. Weldon, 27 Mo. App. 251.

BIGGS, J.—The defendant corporation owns and operates a street railroad in the city of St. Louis. The plaintiff, claiming to have been a passenger on its road, sues for personal injuries which he claims were occasioned by the negligence of the servants of the defendant. He recovered a judgment for $1,000, from which the defendant appeals to this court. Complaints are made here that the circuit court erred in giving and refusing instructions, and that it declined to allow a proper question to be answered by one of plaintiff's witnesses.

The plaintiff's first instruction is as follows:

"1. The court instructs the jury that if they find and believe from the evidence in this case, that on the 7th day of August, A. D. 1897, the defendant was operating the railway and car mentioned in the evidence as a carrier of passengers for hire as a street railway; and if the jury find and believe from the evidence that plaintiff, at the south crossing of Sixth and Elm streets or near there, at a place where defendant's cars usually received passengers (if the jury so find) signaled defendant's servant in charge of its car to stop for him as a passenger; and if the jury find from the evidence that defendant's servant, in charge of its car, in obedience to said signal, caused said car to stop or slack up to receive said plaintiff as a passenger on said car; and if the jury further find from the evidence in

this case, that while said car was so stopped or slacked up to receive plaintiff thereon as a passenger, he attempted to board said car as a passenger, and before he had a reasonable time or opportunity to do so, said car was by the servants of defendant, in charge of the same, caused or suffered to start suddenly forward with a jerk, and that thereby plaintiff was thrown from said car to the ground, whereby said plaintiff suffered injuries; and if the jury find from the evidence that defendant's servants in charge of its said car would, *if they had exercised a high degree of care, such as would have been exercised by very careful and skillful railroad employees*, under like or similar circumstances, have prevented such sudden start forward and jerk of said car, and the injury to plaintiff thereby, and neglected to do so; and if the jury find from the evidence that said plaintiff was *exercising ordinary care for his own safety* at the time of his injury, then the plaintiff is entitled to recover in this action.''

The facts, as hypothetically stated in this instruction, are supported by the plaintiff's evidence, and if true, the relation of passenger and carrier existed between plaintiff and defendant at the time the injuries were received. The objections to the instruction are that it erroneously states the degree of care which the law exacts of a carrier of passengers; that the words ''railroad employees'' should have been expressly confined to persons operating street railroads, and further that the court failed to instruct the jury in what particular the plaintiff was required to exercise care for his own safety.

As to the first objection, it is true, as suggested by counsel, that the carrier is not the absolute insurer of the lives of passengers. By this it is meant that the carrier is not required to adopt all the precautions or contrivances for the safety of the passenger which the

human mind is capable of conjecturing or inventing. The requirement, as laid down by the supreme court, is that in the transportation of passengers COMMON carrier: the servants of the carrier must exercise degree of care. "the utmost care and skill which prudent men would use and exercise in a like business and under similar circumstances." Dunn v. Dunnaker, 87 Mo. 597; Sullivan v. Railroad, 133 Mo. 1. The instruction states substantially this rule. It required "a high degree of care, such as would have been exercised by very careful and skillful railroad employees," which was tantamount to a direction that it was the duty of the defendant's servants to exercise "the utmost care and skill which prudent men would exercise in like business," etc. This objection will, therefore, be overruled.

The second objection is likewise without merit. It is argued that the instruction is ambiguous and misleading, in that it authorized the jury to consider the duty exacted of the servants of steam railroad companies, as well as that of street railway companies. This suggestion is without force, for the reason that the instruction expressly directs the attention of the jury to the care required of "railroad employees under like or similar circumstances," that is, railroad employees who are engaged in operating an electric street railway.

The third and last objection must also be overruled. Conceding that the instruction was incomplete, as claimed, the omission was supplied in the defendant's third instruction. There the jury was told that it was the duty of the plaintiff to exercise ordinary care for his safety *"in and while attempting to board defendant's car,"* etc. It is well settled law in this state that "a partial view or a general expression in an instruction may be supplied or explained by other instruc-

tions. Gotz v. Railroad, 50 Mo. 474; Hohstadt v. Daggs, 50 Mo. App. 240; Pray v. Union Company, 73 Mo. App. 679.

As to the measure of damages, the court instructed the jury as follows: "If, under the evidence and other instructions given, the jury find for the plaintiff, they will assess his damages at such a sum as they find, from the evidence, will fairly compensate him, *first*, for money he has expended or become liable for in securing medicines and medical treatment, made necessary on account of his injuries; *second*, for the loss of time, if any, occasioned by reason of his injuries; and, *third*, for any impairment of his ability to earn *wages* or money in the future, if the jury find, from the evidence, that any such impairment will result from his said injuries here complained of."

The objections to this instruction are, that the jury were not required to find that the alleged expenditures were *reasonable;* that it provides for compensation for loss of time, but does not specifically direct that the allowance on that score could only be as compensation for such time as plaintiff was prevented from following his usual avocation; and, lastly, the instruction authorizes a recovery for the impairment of the ability of the plaintiff to earn wages, whereas there was no evidence that the plaintiff worked for wages. The plaintiff testified that he expended $10 for medicine, and his physician testified that he had charged him $45 for medical attendance and that the charges were reasonable. There was no opposing evidence. Granting that the instruction was formally defective in not requiring the jury to find that the charges were reasonable, it is plain that the defendant was not prejudiced by the omission. It is equally clear that the second objection is without merit. The jury certainly understood the court to refer to loss of time from work. Neither is there anything

in the last objection. The evidence was that the plaintiff was a fresco painter, that he did work by the job and that he did the work himself. It is not improper to say that he worked for wages.

The defendant also complains of the refusal of the court to give the following instruction:

"If from the evidence the jury believe that plaintiff attempted to get upon the car after the same was in motion, and thereby contributed directly to his injuries, then the jury will find for defendant company."

In this instruction the court was asked to declare, as a matter of law that it was negligence for the plaintiff to attempt to get on the car while it was in motion. The evidence showed that the car was stopped for the purpose of giving the plaintiff an opportunity to get on, and there was some evidence that he hesitated about getting on, and that he did not attempt to do so until the car started up. There was no evidence as to the speed of the car at the time the attempt was made. Under this view of the evidence, whether the plaintiff acted negligently in attempting to get on the car while it was moving, and that the act directly contributed to the injury, were questions of fact for the jury, and not of law for the court.

Some objections are urged as to other instructions asked by the defendant and which the court modified. We do not think it necessary to enter into a discussion of these matters. It suffices to say that the modifications were of such a character as to afford the defendant no just ground of complaint.

The circuit court committed no prejudicial error in refusing to allow the witness Roeder to answer the question propounded to him on cross-examination. The plaintiff was hurt by being thrown on his face while attempting to get aboard a car. Roeder did not

see the accident. He assisted the plaintiff to get up from the street and to get on the car. He testified only as to this fact. He did not undertake to state to what extent the plaintiff was injured. He was asked this question by defendant's counsel: "Do you recollect stating that the whole thing was so trifling that you did not pay much attention? The answer to this question could only have a bearing on the character of plaintiff's injuries. As the witness did not testify on this subject, we can not conceive wherein the court erred in declining to have him answer the question.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.