JOHN JENNINGS, Respondent, v. SWIFT & COM-
PANY, Appellant.

Kansas City Court of Appeals, May 4, 1908.

1. **MASTER AND SERVANT: Hot Water Vat: Negligence: Evidence: Jury.** The evidence relating to stepping into a hot water vat when directed to go through a certain door is held sufficient to send the question of negligence to the jury.

2. ———: ———: ———: ———: **Contributory Negligence: Instruction.** The modifications of the master's instruction on the subject of contributory negligence is held properly amended by inserting in the proper place the words "considering his (servant's) knowledge of the plant and his situation."

3. ———: **Personal Injury: Measure of Damages: Instruction.** An instruction relating to the expenses of a person who had been injured ordinarily should be confined to those "necessarily or reasonably incurred;" but where there is no point made on it at the trial and the evidence is unquestioned and the defendant asked no instruction, the failure to so confine the instruction is harmless.

4. ———: **Admissions: Instruction.** An instruction holding that the admissions of plaintiff against himself, while testifying, are conclusively true, is improper.

5. **APPELLATE PRACTICE: Weight of Evidence: Jury.** The weight of evidence should be urged before the jury, and on the testimony in this case there appears no ground for interference by the appellate court.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*R. A. Brown* for appellant.

(1) Defendant's demurrer to the evidence should have been sustained. Shirts v. Overjohn, 60 Mo. 305; State v. Brooks, 99 Mo. 142; Houston v. Railroad, 118 Mo. App. 470. (2) The master was not an insurer of his life or safety while employed by it. This proposition of law is too well settled to need citation of authorities to support it. 1 Labatt on Master and Ser-

vant, sec. 24, pp. 51, 52; Porter v. Railway, 71 Mo. 76, 77; O'Donnel v. Baum, 38 Mo. App. 247; Krampe v. Brewing Association, 59 Mo. App. 280; Hollenbeck v. Railway, 141 Mo. 109. (3) The court committed error in modifying defendant's instruction number 13 and giving the instruction as modified. Shirts v. Overjohn, 60 Mo. 308; State v. Brooks, 99 Mo. 142; Houston v. Railroad, 118 Mo. App. 470. (4) Defendant's instruction number 15 should have been given as prayed. (5) Plaintiff's instruction numbered 1 did not correctly declare the law under the evidence.

C. C. Crow and Mytton & Parkinson for respondent.

(1) The action of the plaintiff in entering the bike room through the door through which he was instructed to go by the appellant's fire chief was by the finding of the jury such conduct as would have been indulged in by a man in the exercise of ordinary care under the same or like circumstances. After said instruction there was no duty on his part to anticipate a death trap either in the nature of a "grizzly bear or a vat of boiling water." (2) The modification of instruction numbered 15 was not error against the appellant. (3) The question of whether or not plaintiff was in the exercise of ordinary care in entering the bike room is submitted in the instruction. There is no evidence that plaintiff knew about the vat of hot water in the bike room. (4) The court's instruction cannot be condemned under these circumstances, where all of the evidence shows that the medical services rendered were of the reasonable value contracted to be expended by plaintiff and for which he had become liable.

ELLISON, J.—This action was instituted to recover damages for injuries received by the plaintiff

through the alleged negligence of the defendant. Plaintiff prevailed in the trial court.

Defendant is the owner and operator of a large meat packing establishment in St. Joseph, and in connection therewith maintains and operates a fire department therein. Plaintiff was employed by defendant in such department and being a new employee, he was being shown or taught the fire routes (six in number) in addition to other service connected therewith. This was done by sending him over the route so as to familiarize him with them. He had been engaged only about nine days, had learned some of the routes, and was told by the superintendent of that department to go over route three, and the superintendent pointed out a door which he said was the entrance thereto. Under the order of the superintendent plaintiff started to go over the route before it was light on the morning of November 14th, and took a lantern with him. The door he had been told to enter was not the right one and as he opened it and took a step, he plunged or fell into a vat of hot water which was in the floor immediately at the door, on the inside. His leg was badly scalded. The plaintiff stated in testimony that on entering the door he had been told was the one to enter, "the first step I stepped off, just like that (indicating) and I just went right down in scalding water."

Complaint is made of the action of the court on defendant's instructions. First, it is insisted that a demurrer to the evidence should have been sustained on account of plaintiff's contributory negligence in carelessly entering, or attempting to pass through the door. We can see no ground for characterizing plaintiff's conduct as being careless. He had never been in the room. He did not know of the vat of water and we do not understand how any reasonable man could be held to have anticipated that such dangerous agency should be in the floor, unguarded, immediately inside of a

door. This question was asked plaintiff by defendant: "Q. You went over to that side of the building now; never having been in there before; not knowing whether or not they had a grizzly bear in there or a vat of boiling water; you simply walked up there and walked in without looking? A. I simply went over there, as I was going on the route." It seems to us that plaintiff could about as reasonably have been required to expect to find a grizzly bear in the room as an unprotected vat of boiling water in the floor of a dark room, and that right at the door. The most natural thing to expect on entering a door is that the immediate inside is a floor upon which one may step. The case is very greatly stronger for plaintiff than was that of Musick v. Packing Co., 58 Mo. App. 322, wherein we sustained a judgment against the company.

The court modified defendant's instruction submitting plaintiff's contributory negligence in not seeing the vat by putting in, at the proper place, the words "considering his knowledge of the plant and his situation." This amendment to the instruction was proper and wise. So we think no just criticism can be made of plaintiff's instruction one, especially in view of the concluding sentence as to plaintiff exercising due care.

Neither is there good ground for criticism of instruction numbered 2, as to the measure of damages. It is said that the instruction should have explicitly confined the jury to expenses necessarily or reasonably incurred. Where there is any ground for contest on that head the instruction should be so guarded. But in this there was no point of that nature made and the evidence itself was unquestioned. Defendant did not ask an instruction on the subject.

Some effort is made against plaintiff's case grounded on admissions he is said to have made in testimony. We have gone over these and find nothing of substance in them. An instruction, numbered 13,

was asked by defendant directing the jury that admissions by plaintiff against himself while testifying were conclusively true. The instruction was wholly improper. [Zander v. Transit Co., 206 Mo. 445; Shepard v. Transit Co., 189 Mo. 362; Conner v. Railway, 181 Mo. 397.] The question was decided in the same way by this court in Ephland v. Railway, 57 Mo. App. 147, 162.

The only ground upon which there was any room for contest of plaintiff's case was on the weight of the evidence, and that is an objection which should be, and doubtless was, urged before the jury. They have believed the case as detailed by plaintiff in his testimony, and we see no ground whatever for interference. The judgment will therefore be affirmed. All concur.

