PIETRANTONIO *v*. TONN'S ESTATE.

1. EXECUTORS AND ADMINISTRATORS—STATEMENT OF CLAIMS IN PRO-
BATE COURT.

> While a claim in probate court need not have the nicety of alle-
> gation of a declaration the true subject of dispute should
> clearly appear.

2. SAME—STATEMENT OF CLAIM—PERSONAL INJURIES.

> Statement of claim for personal injuries filed in probate court
> asking for $15,000 because of negligence, gross negligence and
> wilful and wanton misconduct of defendant's decedent while
> operating automobile *held*, insufficient, since it did not advise
> administrator of nature of claim with sufficient precision to
> enable him to make definite investigation and prepare defense.

3. PLEADING—PLEA TO THE MERITS—WAIVER.

> Ordinarily a plea to the merits waives demurrer to the pleadings.

4. EXECUTORS AND ADMINISTRATORS — CLAIMS AGAINST ESTATE —
PLEA TO THE MERITS.

> While rule that plea to the merits waives demurrer to the plead-
> ings should not be applied in probate court with strictness nor
> to disadvantage of an estate since estate is entitled to a
> proper statement, the claimant also is entitled to fair treat-
> ment of seasonable notice of objection to form of claim.

5. SAME—STATEMENT OF CLAIM—BILL OF PARTICULARS—CONTINU-
ANCE.

> Refusal of circuit court to dismiss appeal from judgment of
> probate court denying claim against estate, although state-
> ment of claim was insufficient, *held*, proper where refusal was
> made when plaintiff filed a bill of particulars and estate was
> granted a continuance.

6. APPEAL AND ERROR—PROBATE COURT—CIRCUIT COURT—CHANGE OF
ISSUE.

> Under record failing to show issue presented to probate court in
> claim by passenger for personal injuries sustained while
> owner, since deceased, was operating car, Supreme Court is
> unable to say issue was changed in circuit court by bill of
> particulars stating that plaintiff was not a guest passenger
> but that car was being demonstrated to him (1 Comp. Laws
> 1929, § 4648).

7. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —FAMILY RELATIONSHIP—FINANCIAL INTEREST.

Family relationship to a party without financial interest in the action does not bar testimony as to matters equally within knowledge of deceased (3 Comp. Laws 1929, § 14219).

8. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED— RES JUDICATA—CLAIM ARISING OUT OF SAME ACCIDENT.

Witness in action against decedent's estate for injuries sustained by plaintiff while a passenger in car driven by defendant's decedent, who was also a passenger, *held*, not disqualified from testifying in plaintiff's action because of statute relative to testimony of opposite parties as to matters equally within knowledge of deceased even though witness intends to file claim against defendant estate since he is not a party to this action, has no financial interest in outcome of this suit and any question decided herein would not be *res judicata* in his action for injuries (3 Comp. Laws 1929, § 14219).

9. DAMAGES—PERSONAL INJURIES—PAIN AND SUFFERING—EXPECTANCY—EXCESSIVE VERDICT.

Verdict and judgment of $7,448 to man 60 years of age, with expectancy of 14 years, who was earning about $100 a month and who was grievously injured, has suffered and will suffer pain and is at least partially and permanently incapacitated from work and required to wear a mechanical device *held*, not excessive.

Appeal from Dickinson; Bell (Frank A.), J.   Submitted October 29, 1936.   (Docket No. 134, Calendar No. 39,030.)   Decided December 28, 1936.

In the matter of the estate of Emil Tonn.   Nick Pietrantonio presented his claim in probate court for personal injuries sustained while a passenger in deceased's car.   From disallowance of claim, plaintiff appealed to circuit court.   Verdict and judgment for plaintiff.   Defendant estate appeals.   Affirmed.

*Derham & Derham,* for plaintiff.

*Raymond Turner, H. J. Rushton* and *F. Lloyd Symmonds,* for defendant estate.

FEAD, J.  In action for personal injuries the court held the cause of action proved as a matter of law and submitted to the jury only the matter of damages.  Plaintiff had judgment for $7,448.  This review involves questions of probate practice and claimed errors on the trial.

It is plaintiff's case that he, Hosking and Mayotte were riding in an automobile owned and driven by Emil Tonn, since deceased; they approached a car going in the same direction and which could be seen a quarter of a mile away; Tonn drove at a speed of 40 to 50 miles per hour at and within 10 feet of the car ahead; plaintiff warned him of the car; Tonn turned sharply to the left, ran partly off the pavement, then back and forth on the road, and his car turned over; he evidently lost control of the car when he turned sharply to the left; the occupants were injured and Tonn died shortly thereafter.

Plaintiff's claim, sustained by the testimony of Hosking and of Alfred Lerza, son-in-law of plaintiff, was that Tonn gave the parties a ride for the purpose of demonstrating the car to plaintiff, on prospect of sale to him.  No claim is made that the guest act * applies under such circumstances.  The testimony is all undisputed except as to the usual slight and inconsequential variations of time, distance, etc.  Tonn's negligence and plaintiff's freedom from contributory negligence are apparent.

Defendant contends plaintiff's action should have been dismissed for insufficiency of the claim filed in probate court, the statement of which read:

"For injuries suffered on April 7, 1935, on account of the negligence, gross negligence, wilful and wanton misconduct of said Emil Tonn in the opera-

---

* See 1 Comp. Laws 1929, § 4648.—REPORTER.

tion of an automobile between Iron Mountain, Michigan, and Randville, Michigan, resulting in injuries to the feet, legs, back, arms, head, spine, nervous system, heart, lungs, abdomen, kidneys and bladder of said Nick Pietrantonio...............$15,000.''

The record shows that the estate filed an answer in probate court denying the allegations of the claim and setting up that plaintiff was a guest passenger but the text of the answer does not appear in the record.

The probate court, acting as commissioner on claims, disallowed plaintiff's claim and on the same day entered an order denying defendant's motion for bill of particulars. The motion is not in the record.

Plaintiff appealed to circuit court. Defendant filed an answer denying the allegations set up in plaintiff's claim, stating it would be shown in defense that plaintiff was a guest passenger and Tonn was not guilty of gross negligence and wilful and wanton misconduct and that the claim did not survive against the estate. Plaintiff filed reply denying all the allegations in the answer.

When the case came on for trial, defendant orally moved to dismiss on the ground that the claim as filed in probate court did not set up a cause of action, was not specific enough in its details, was too uncertain and indefinite and did not comply with the probate rules.

The court held that the claim as filed in probate court was not sufficient but denied the motion to dismiss on plaintiff's filing a bill of particulars and granted defendant a continuance. In the bill of particulars filed by plaintiff he alleged that Tonn was demonstrating the car to him.

While a claim in probate court need not have the nicety of allegation of a declaration, ''The true subject of dispute should clearly appear.''  *Comstock v. Smith*, 26 Mich. 306.  The record in *Re Sullivan's Estate*, 165 Mich. 585 shows that the claim of tort, there held sufficient, set up the circumstances of the injury and the negligence relied upon.  No less would be fair to the estate or conducive to its protection.  The claim at bar would enable claimant to explore the whole field of negligence in the operation of an automobile, for right of recovery and proof.  Proper conservation of estates of deceased persons requires that an administrator shall be advised of the nature of the claim with sufficient precision to enable him to make definite investigation and prepare defense in proper cases.  The statement at bar was not sufficient.

However, it does not appear that defendant was misled by the statement of claim.  Without objection to it, after formal answer, and without waiting for a bill of particulars, the claim was heard in probate court.  In circuit court also defendant pleaded to the merits.  Ordinarily a plea to the merits waives demurrer to the pleadings.  *Genack* v. *Gorman*, 224 Mich. 79.  While such a rule ought not to be applied in probate court with strictness nor to the disadvantage of an estate, and while the estate is entitled to a proper statement of the claim, a claimant also is entitled to the fair treatment of seasonable notice of objection to the form of his claim.  Under the circumstances, the court did not err in refusing to dismiss the appeal on the condition that plaintiff file a bill of particulars.  *King* v. *Brewer*, 121 Mich. 339; *Comstock* v. *Smith, supra.*

It is contended that plaintiff changed the issue in circuit court by the claim in his bill of particulars

that he was not a guest passenger but that the car was being demonstrated to him. The record contains no showing of the issue as presented to, heard and decided by the judge of probate, as might have been made. *Raub* v. *Nisbett,* 111 Mich. 38. We cannot say the issue was changed.

Defendant urges that the testimony, as to the ride being for the purpose of demonstration of the car, was incompetent under the rule barring testimony within the equal knowledge of the deceased.* The only disqualification attributed to Lerza is that he was plaintiff's son-in-law. It has been held by this court many times that family relationship to a party without financial interest in the action does not bar testimony under the rule. *Reichert* v. *Negaunee State Bank,* 266 Mich. 413; *Caswell* v. *Smith's Estate,* 263 Mich. 390; *Clark Memorial Masonic Ass'n* v. *Colman's Estate,* 222 Mich. 599; 70 C. J. p. 260, and note. The disqualification attributed to Hosking is that he intends to file claim against defendant estate for injuries to him from the same accident. Hosking is not a party, nor could he be a party to this action, nor can he sustain financial gain or loss by the judgment, nor would any question decided in this suit be *res judicata* in his action for injuries. He was not disqualified. *Denevan* v. *Belter,* 232 Mich. 664.

Plaintiff was grievously injured, has suffered, and will suffer, pain, is probably permanently incapacitated from work, wholly or partially, and is still required to wear a mechanical device. He is 60 years of age, with expectancy of 14 years, and was earning about $100 per month. We cannot say the verdict was so grossly excessive as not to repre-

---

* See 3 Comp. Laws 1929, § 14219.—Reporter.

sent the fair judgment of a jury, to whom the question was properly committed.

Plaintiff raises other points which, however, the record shows are plainly untenable and need no discussion.

Affirmed, with costs.

North, C. J., and Wiest, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.