2. CARRIERS, § 461*—*doctrine of res ipsa loquitur.* By the doctrine of *res ipsa loquitur* the happening of the collision raises the presumption of negligence on the part of those in charge of and operating the cars, and if resultant injury is established by proof, a *prima facie* case is made out. When however, such *prima facie* case is overcome by the evidence, no recovery can be had on the mere proof of the happening of the accident.

3. CARRIERS, § 480*—*when question whether prima facie case of negligence is overcome for jury.* In an action against a street railway company for injuries sustained by a passenger resulting from a collision, when the collision is shown by the proof or is admitted and there is proof before the jury tending to show that it was the result of an inevitable accident and not due to the negligence of any one, it is for the jury to determine whether the *prima facie* case is overcome by proof or not.

---

## Ludwig M. Borgerson, Appellant, v. Chicago Railways Company, Appellee.

### Gen. No. 18,861.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914.

### Statement of the Case.

Action by Ludwig M. Borgerson against Chicago Railways Company to recover for injuries sustained by plaintiff resulting from a collision while attempting to pass one of defendant's westbound cars on his motorcycle. It appeared that plaintiff was following the car, and when it stopped at a street intersection to discharge passengers he attempted to pass it on the side next to the eastbound track, and while approaching the front end of it a passenger came out the front door of the car on that side and stepped to the street in front of plaintiff so that he was unable to avert a collision and he was thrown to the pavement and in-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

jured. Plaintiff recovered a verdict for five hundred dollars, and not being satisfied with the amount recovered appeals from the judgment.

MORSE IVES, for appellant

CHARLES L. MAHONY and ALFRED B. DAVIS, JR., for appellee; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1523*—*when giving of erroneous instructions harmless.* In an action for personal injuries, the giving of erroneous instructions on the right of appellant to recover are harmless where the jury found that issue for him.

2. APPEAL AND ERROR, § 1241*—*when party cannot complain of instructions based on same theory as his own.* Where a party induces the court to give instructions on a theory of the case, he cannot complain that instructions on the same theory were given at the instance of his adversary.

3. DAMAGES, § 242*—*when judgment will not be reversed for inadequacy of damages awarded.* A judgment will not be reversed for the reason that the damages awarded are inadequate, where the damages claimed are of a class where no definite measure exists and the verdict of a jury is ordinarily conclusive, the reviewing court not being able to say that the verdict is so disproportionate to the damages as to warrant it in awarding a new trial, or to indicate that the jury were influenced by passion, prejudice or other improper motives.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.