Ruth Amenda, Administratrix of Estate of Henry J. Amenda, Deceased, Plaintiff-Appellee, v. Glenn Suits, Defendant-Appellant.

Gen. No. 10,792.

Second District.

July 29, 1955.

Released for publication August 17, 1955.

Burrell & Holtan, of Freeport, and Ward & Ward, of Sterling, for defendant-appellant; David M. Burrell, of Freeport, of counsel.

Dixon, Bales & Gunner, of Dixon, for plaintiff-appellee; William R. Gunner, of Dixon, of counsel.

MR. JUSTICE EOVALDI delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Whiteside county on a jury verdict which

awarded plaintiff the sum of $11,000 for the wrongful death of her husband.

Defendant contends on this appeal that the trial court should have allowed defendant's motion for a directed verdict or for a judgment notwithstanding the verdict, that the verdict is against the manifest weight of the evidence, and that the court refused a proper instruction tendered by defendant.

The testimony of plaintiff's witnesses establishes the following facts:

Plaintiff's intestate was riding as a guest in the front seat of the car driven by the defendant Suits; deceased was in the center, and Jack Bryant, another guest, was also in the front seat on the right side. Suits was driving his car at a speed of about 35 miles per hour in an easterly direction on alternate U. S. 30 between Sterling and Dixon, Illinois. As they approached the scene of the accident there were two automobiles and two trucks ahead of them going in the same direction. The most easterly vehicle was a Twin City Produce Company truck. Two or three car lengths behind it was a Cities Services tank truck and behind that truck were two eastbound passenger cars with the same distance, two or three car lengths, separating each of the vehicles. As defendant approached this line of traffic he was on his own side of the road and when he started to pass he pulled into the left-hand lane and sounded his horn. There was no traffic approaching from the other direction at the time of the accident. There is no evidence in the record as to whether defendant did or did not sound his horn at any time after he first pulled out to pass. As he passed, defendant increased his speed to about 45 or 50 miles per hour and, after he had started to pass, Jack Bryant remarked that the vehicles being passed were slowing up and Bryant testified that he could see the stop lights flashing on the cars and trucks ahead of them. After defendant had passed the gasoline truck which

was second in line, the Produce Company truck started to turn left without any signal. Right at this time Bryant said, "Watch out!," but it was then too late for defendant to do anything. It appeared that the truck was attempting to turn left into a road which intersected the main highway from the north. There were no signs warning of the existence of the intersection and from photographs in the record it appears that this intersection was not readily visible from the west. There is nothing in the record to show that defendant knew of the existence of said intersection. The collision occurred right at or a short distance west of this intersection. Since plaintiff's intestate was a passenger in defendant's automobile, the complaint was filed under the Guest Statute (Ill. Rev. Stat. 1953, Ch. 95½, Sec. 58a [Jones Ill. Stats. Ann. 85.064(1)]) and charged the defendant with wilful and wanton misconduct. Plaintiff contends that the above testimony was sufficient to make out a case for the jury as to whether defendant was guilty of such misconduct and defendant contends that as a matter of law such testimony was insufficient to prove the charge of wilful and wanton misconduct. In support of plaintiff's contention it is pointed out that defendant increased his speed as he attempted to pass, that the stop lights of the two trucks were operating after defendant started to pass the line of cars, that defendant was warned that the cars were slowing up and yet kept on passing the four vehicles, and that defendant passed as the cars were approaching an intersection.

For the reasons hereafter stated we are of the opinion that, even taking the evidence in the light most favorable to plaintiff, there is no evidence that defendant was guilty of wilful and wanton misconduct. In Bartolucci v. Falleti, 382 Ill. 168, one of the leading cases on the subject of wilful and wanton misconduct, our Supreme Court discussed the meaning of the term "wilful and wanton misconduct" and said, page 174:

" 'No person riding in a motor vehicle as a guest, without payment for such ride, . . . shall have a cause of action for damages against the driver or operator of such motor vehicle or its owner or his employee or agent for injury, death or loss, in case of accident, unless such accident shall have been caused by the wilful and wanton misconduct of the driver or operator of such motor vehicle . . . and unless such wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.' Plaintiff's right to recover is, consequently, dependent upon proof that the accident causing the injuries was occasioned by defendant's wilful and wanton misconduct. Ill will is not a necessary element of a wanton act. To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal wilfulness."

In that case the defendant's car, in which plaintiff was riding as a guest, was going down a hill when its left rear wheel came off which caused the accident. It was alleged that defendant was driving the car at a high and dangerous rate of speed and also that he was driving the car in an unsafe and defective condition, each of which were alleged to be wilful and wanton misconduct on the part of defendant. It was contended, since defendant was violating the speed limit at the time, that this was evidence of wilful and wanton miscon-

duct and that such evidence alone warranted submission of the cause to a jury. The court held that failure to comply with a speed statute does not necessarily establish wilfulness and wantonness. In connection with the charge of defective equipment there was no evidence that defendant knew or should have known of the defective condition of the wheel of his car.

In Mower v. Williams, 402 Ill. 486, the trial court had directed a verdict for defendant in a case in which defendant was charged with wilful and wanton misconduct. In that case the defendant was driving a snow plow in a northerly direction on a state highway. He had stopped at an intersection and defendant looked to the front and the left for traffic and asked his helper to look to the right because the right portion of the windshield was covered with dirt and snow. The helper opened the cab door and stated that it was safe to proceed. Defendant then proceeded into the intersection where it was struck by plaintiff's car, coming from the right. Defendant testified that he never looked in the direction from which plaintiff's car came but relied upon his helper. The Appellate Court reversed the judgment of the trial court but the Supreme Court held, following the holding in Bartolucci v. Falleti, that this evidence, even taken in the light most favorable to plaintiffs, revealed no wilfulness or wantonness.

In Clarke v. Storchak, 384 Ill. 564, the automobile in which plaintiff was riding as a passenger, and which was driven by the defendant, suddenly swerved to the left and went diagonally across the road for about 150 feet and off the pavement. After traveling off the pavement 150 feet more, it went diagonally across the road to the right for a distance of approximately 150 feet at which point the auto plunged through a guardrail. The Supreme Court held that even under these circumstances, in which defendant obviously lost control of

his automobile, there was no proof of wilful and wanton misconduct on the part of defendant.

■ ■ Tested by the rules set forth in the above cases and comparing the situation of the case at bar with said cases, we are of the opinion that there was absolutely no evidence in the instant case of any wilful or wanton misconduct on the part of defendant. There is no proof whatsoever that he was exceeding a lawful speed limit and even had there been, mere violation of a speed statute is no evidence of wilful and wanton misconduct. (Bartolucci v. Falleti, 382 Ill. 168.) There is no showing that defendant knew or should have known that there was an intersection ahead of him and, therefore, the fact that he attempted to pass while approaching the intersection is no evidence of wilful and wanton misconduct. The fact that the stop lights on the cars and trucks ahead of defendant were operating after defendant had started to pass is entirely insufficient to show that his continuing to pass was a wilful and wanton act since it only signified that the vehicles were slowing down and did not act as a warning that one of them would turn. In fact, no signal of an intention to turn was ever given by the Twin City Produce Company truck. The fact that at the time the truck turned, one of the passengers of defendant's car cried out a warning signified nothing in the circumstances of the present case for at that time there was nothing defendant could have done to avert the collision. In short, there was nothing in defendant's conduct which even remotely tended to prove that he was conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct would naturally and probably result in injury (Bartolucci v. Falleti, 382 Ill. 168).

We are of the opinion that the trial court erred in failing to direct a verdict for defendant. It is, therefore, unnecessary for us to consider the other assign-

ments of error urged by defendant. The judgment of the circuit court of Whiteside county is reversed.

Judgment reversed.

DOVE, J., concurs.