(No. 33814.—
Ruth Amenda, Admx., Appellant, *vs.* Glenn Suits, Appellee.

*Opinion filed May 23, 1956.*

Hershey, C.J., dissenting.

Dixon, Bales & Gunner, of Dixon, and Henry H. Caldwell, of Rockford, (Henry H. Caldwell, and William R. Gunner, of counsel,) for appellant.

Burrell & Holtan, of Freeport, and Ward and Ward, of Sterling, (David M. Burrell, of counsel,) for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

Plaintiff, Ruth Amenda, filed suit in the circuit court of Whiteside County against the defendant, Glenn Suits, for wrongful death of her husband while riding as a guest in the automobile of defendant. The trial court overruled defendant's motion for directed verdict at the close of plaintiff's evidence and at the close of the case. Post-trial motions for judgment notwithstanding the verdict and for new trial were overruled and judgment in the amount of $11,000 entered on the jury's verdict was allowed to stand.

On appeal to the Appellate Court the latter court reversed the trial court's judgment without remandment. (6 Ill. App. 2d 395) Plaintiff's petition for leave to appeal to this court has been granted.

After a narration of the testimony of plaintiff's witnesses the Appellate Court concluded that there was no evidence in this case of any wilful or wanton misconduct on the part of defendant; that there was no proof defendant was exceeding the lawful speed limit, and, even if he had been, that a mere violation of a speed statute is no evidence of wilful and wanton misconduct; that there was no showing that defendant knew or should have known that there was an intersection ahead of him and consequently the fact that defendant attempted to pass other vehicles while approaching this intersection was no evidence of wilful or wanton misconduct. The Appellate Court further declared that the fact that the stop lights on the cars and trucks ahead of defendant were operating when defendant started to pass the line of traffic was not sufficient to show his continuing to pass was a wilful and wanton act but only signified that the vehicles were slowing down and did not act as a warning that one of them would turn. It was further pointed out in the latter court's opinion that no signal of intention to turn was ever given by the Twin City Produce Truck and the fact that, at the time that this truck turned, one of the other occupants in defendant's car cried out a warning signified nothing in the circumstances of the present case because at such time there was nothing defendant could do to avert the collision.

The record of this case reveals that plaintiff's intestate was riding as a guest in the center front seat with defendant driving and another guest, Jack Bryant, to his right. Defendant was driving his car at a speed of approximately 35 miles per hour proceeding in an easterly direction on alternate U. S. highway No. 30 between Sterling and Dixon, Illinois. Approaching the scene of collision there

were two automobiles and two trucks proceeding in the same direction and ahead of defendant. The farthest vehicle was the Twin City Produce truck. A few car lengths to the rear of it was a Cities Service tank truck and to the rear of the latter truck were the two automobiles—all the vehicles were approximately equidistant from the other. Upon approaching this line of traffic defendant was on his side of the road and then started to pass and move his vehicle into the left-hand lane. Defendant sounded his horn and there was no traffic approaching from the opposite direction. The highway was wet and it had been raining. It was a concrete two-lane highway of approximately twenty feet in width. Defendant was increasing his speed from 35 to about 50 miles per hour, whereas the line of traffic was reducing its speed. Bryant testified he could see the stop lights flashing on the cars and trucks ahead of them. After passing the Cities Service truck the Twin City Produce truck started to turn left without any signal. This turning truck was making a left turn into an intersecting road. The collision followed and as a result of the impact decedent was thrown from the automobile and suffered injuries from which he died.

Plaintiff asserts that the Appellate Court opinion is based upon an improper analysis of the evidence adduced at the trial, and particularly in light of some of the pronouncements of this court in respect to wilful and wanton misconduct cases. Plaintiff points out that her case was not tried solely upon the theory of excessive speed but upon the entire pattern of circumstances existing immediately before and at the time of the occurrence, namely, control of defendant's car, failure to keep proper lookout, attempting to pass other vehicles within 100 feet of an intersection and driving at a speed that was unreasonable and improper having regard to the traffic and the use of the way, or in such a manner as to endanger the life or person or property of others, contrary to section 49 of the Uniform Act Regu-

lating Traffic on Highways. (Ill. Rev. Stat. 1955, chap. 95½, par. 146.) Defendant urges that this court define wilful and wanton misconduct within a narrow scope of particularity upon the suggestion that there has been a misunderstanding and confusion in respect to the judicial usage of this phrase. Defendant further asserts that the conclusion of the Appellate Court in its appraisal of the evidence is correct.

It must be noted that the powers of this court in appeals from the Appellate Court are limited. Section 92 of the Civil Practice Act specifically provides, in subparagraph (3)(b), that error of fact, in that the judgment, decree or order appealed from is not sustained by the evidence or is against the weight of the evidence, may be brought up for review in any civil case: Provided, that, except as to equitable issues, the Supreme Court shall re-examine cases brought to it by appeal from Appellate Courts, as to questions of law only. In *Seeds* v. *Chicago Transit Authority,* 409 Ill. 566, we declared that where the effect of the Appellate Court's holding is that as a matter of law there is no evidence sufficient, when considered alone, to sustain the charges in the complaint, and the judgment is reversed without remanding the cause for a new trial, it becomes the duty of this court to examine the record to determine the question of law as to whether there is any evidence which, taken with its intendments most favorable to the plaintiff, tends to prove the complaint. In the *Seeds case* this court reviewed the evidence only for the purpose of determining whether or not there was any evidence to sustain the cause of action charged in the complaint and we specifically pointed out that nothing in said opinion was intended to express any views concerning the weight of the evidence.

We have closely examined the record in the instant case and feel that there is some significance in plaintiff's contentions. Under the circumstances of defendant's at-

tempting to pass a line of traffic on a wet pavement with clear, unobstructed vision, the reasonable inference would be that the driver of such an automobile should have been able to observe that there was an intersection ahead. In addition, the evidence is clear that defendant started to pass four vehicles at a time when all the vehicles were decreasing their speed giving notice of this fact by application of brakes which in turn illuminated the rear stop lights of each vehicle. To the ordinary driver, under such circumstances, notice is given that some unseen condition has caused this decrease in speed of all the vehicles. It is noteworthy that none of the three vehicles to the rear of the Twin City truck attempted to pass but remained in the proper lane of travel. Defendant, however, continued to increase his speed with knowledge of an unseen condition that caused the line of traffic to slow down. Under ordinary circumstances this decrease in speed could well indicate that some other vehicle, object or person was about to enter this highway at a point to the east of the line of traffic, or that one of the vehicles, and most probably the leading one, would leave the highway within a short distance of travel. With notice of such condition, defendant had the choice of either remaining patient as the preceding vehicles had done and continuing in his lane of travel or taking a chance by playing a guessing game as to what might or might not occur. Under such circumstances as indicated by the evidence in this case it is quite understandable that a jury and trial court, who had the opportunity of seeing and observing the witnesses, could reasonably conclude that the defendant was guilty of wilful and wanton misconduct. That reasonable persons might differ as to this conclusion or that a court of review in weighing the evidence might differ is of no consequence.

Concerning defendant's urging for this court propounding a definition of wilful and wanton misconduct we point out that in the recent case of *Myers* v. *Krajefska, ante,*

p. 322, a similar contention was made by defendant. What was declared in the *Myers case* is equally applicable to the instant case. We note that the Appellate Court did not pass on other assignments of error in view of its above noted conclusion. The judgment of the Appellate Court is reversed and the cause is remanded to that court with directions to consider other errors relied upon for reversal, if any such errors exist. In the Appellate Court defendant complained of a certain instruction or instructions. However, defendant's motion for new trial did not specifically set out or particularize any of the given or reviewed instructions in the trial court as required under the Practice Act.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE HERSHEY, dissenting:

To characterize the defendant's conduct as "wilful and wanton" seems to me completely unjustified. I believe the Appellate Court correctly stated and decided the case, and its opinion, reported in 6 Ill. App. 2d 395, should be affirmed.