

Bailey & Lyons, of Chicago, and Darrell H. Reno, of Pontiac (Michael H. Lyons and Darrell H. Reno, of counsel) for appellant.

Adsit, Thompson, Herr & Strock, and L. W. Tuesburg, all of Pontiac, for appellee.

JUSTICE SPIVEY delivered the opinion of the court.

Appellant brought suit in the Circuit Court of Livingston county as administrator of the estate of Irene Elizabeth Morris, deceased, for her wrongful death

occasioned by the appellee and individually for damages and personal injuries.

Counts one and three of the amended complaint alleged ordinary negligence by the defendant causing the plaintiff's individual damage and personal injuries and the wrongful death of Irene Morris respectively. Counts two and four alleged wilful and wanton conduct on the part of the defendant causing the plaintiff's individual damages and personal injuries and the wrongful death of Irene Morris, respectively. Defendant answered the complaint and on these issues joined, a jury trial was had.

At the close of the plaintiffs' evidence, on defendant's motion for a directed verdict as to each and every count of the complaint, the court directed the jury to retire and return a verdict finding the defendant not guilty as to counts two and four. The court overruled the motion as to counts one and three. The jury at the court's direction returned a verdict finding the defendant not guilty as to counts two and four.

The jury at the close of all the evidence, argument, and instructions, returned a verdict for the plaintiff individually for $7,000 and as administrator for $3,000. Judgments on the verdicts were entered.

The court overruled plaintiff's motion for a new trial as to count one and overruled a like motion as to count three if defendant consented to an additur of $4,000 within thirty days, otherwise the motion for new trial would be allowed. The defendant consented to the additur and the court entered supplemental judgment as to Count Three reflecting the additur and overruled plaintiffs' motion for a new trial as to Count Three. Defendant tendered the amount of the judgments to the Clerk of the Court.

On February 22, 1957, this court on appellant's motion without objection on behalf of appellee dismissed the appeal as to the appellant individually.

Plaintiff-appellant contends for grounds of reversal that the trial court erred in: (1) directing a verdict for the defendant at the close of plaintiffs' evidence as to Count Four, concerning wilful and wanton conduct on the part of defendant; (2) ordering the additur increasing the verdict; and, (3) giving defendant's repetitious peremptory instructions. Plaintiff further asks that a new trial be ordered as to the question of damages only.

Evidence offered on behalf of the plaintiffs discloses that between 9:30 and 10:00 A.M. on a clear dry day, Arthur Morris, together with his wife and intestate, Irene Elizabeth Morris, and his ten year old daughter, Sharon, was driving eastward on Illinois Highway 17, a preferred highway, at a speed of approximately fifty miles per hour. At a point approximately 150 feet west of the intersection of Route 17 with Campus Road, Morris observed the defendant's automobile traveling in a northerly direction on Campus Road, whereupon he sounded his horn, slackened his speed, and moved over to the left. At that point defendant's automobile was emerging from behind a clump of trees.

Defendant, aged seventy-two years, was called as an adverse witness for the plaintiff and testified that he had traveled over that intersection for twenty years and that for several years a stop sign was located at the southeast corner of the intersection at a point approximately ten to twelve feet south of the eastbound lane of Route 17; that about forty rods back from the intersection he glanced in both directions for traffic, saw nothing approaching from the left, but saw a car to the right which passed the intersection before he stopped; that at a point about two car lengths south of the stop sign he stopped, saw nothing approaching from the west, but saw a car approaching from the east; that he stopped at this point so that he could see

through the trees to the left; that he shifted to second gear and proceeded northward toward the intersection at about eight to ten miles per hour, observed another car approaching from the east at some distance; that he first observed plaintiffs' car after he passed the row of trees to the west of Campus Road, whereupon he slammed on his brakes, skidded three feet to a stop at a point about three feet onto the eastbound lane of Route 17; that at this point the impact occurred, the plaintiffs' car striking the front end of defendant's car; and that he did not come to a stop to see if traffic was approaching from the left from the time he proceeded from a point about two car lengths south of the stop sign until he applied his brakes and skidded.

Defendant further testified that he first observed the plaintiff's car when it was about 100 feet west of the intersection while he was six, eight, or ten feet south of Route 17, and that at a point just beyond the trees he could see a half mile down Route 17 to the west.

Plaintiffs' witness, Floyd Garrett, testified that he was driving west on Route 17 at a speed of between fifty and fifty-five miles per hour and that as he approached Campus Road he saw a car 100 to 150 feet south of the intersection traveling in a northerly direction; that approximately 250 to 300 feet west of the intersection he passed the Morris car traveling in an easterly direction, and that when he was between 500 and 600 feet west of the intersection he observed the collision through his rear view mirror.

Plaintiffs' Exhibits 1, 2, and 6 disclose the damage to defendant's car is confined to the front end of his car.

 In considering whether or not the trial court erred in directing the jury to return a verdict in favor of the defendant at the close of plaintiffs' evidence, this court is required to determine whether plaintiffs' evidence, standing alone and taken as true, and with

460

all intendments most favorable to plaintiff, tends to show that the defendant was guilty of wilful and wanton conduct as alleged in the complaint.

■ In Bartolucci v. Falleti, 382 Ill. 168, it was said at page 174:

"Ill will is not a necessary element of a wanton act. To constitute an act wanton, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a known duty necessary to the safety of the person or property of another, and an entire absence of care for the life, person, or property of others, such as exhibits a conscious indifference to consequences, makes a case of constructive or legal willfulness."

In Myers v. Krajefska, 8 Ill.2d 322, in defining wilful and wanton misconduct, the Court said at page 328:

"The basic element in all of these cases indicates that liability can be founded under such a cause of action where the act was done with actual intention or with a conscious disregard or indifference for the consequences when the known safety of other persons was involved. The knowledge concerning other persons can be actual or constructive. As indicated by the decisions of other States which do not employ this term, it is generally considered in that area of fault between ordinary negligence and actual malice. In view of the fact that it is a matter of degree, a hard and thin line of definition should not be attempted. As stated in Mower v. Williams, 402 Ill. 486, 'as to whether or not there has been wilful and wanton conduct in any given case necessitates close scrutiny of the facts as disclosed by the evidence, and while the rule of law does not vary, the facts to which the law is applicable always present divergent circumstances and facts which, in most instances, are wholly dissimilar.' "

461

The foregoing pronouncement was approved in Amenda v. Suits, 8 Ill.2d 598.

Applying these rules announced by our Supreme Court, we come to the inescapable conclusion, considering only plaintiffs' evidence, as true and granting plaintiffs all intendments most favorable to them, that plaintiffs have proven a prima facie case of wilful and wanton conduct against the defendant and that the trial court erred in directing the jury to return a verdict in favor of the defendant at the close of plaintiffs' evidence.

We are of the opinion that it was a question of fact for the jury to determine whether Spence was guilty of wilful and wanton conduct, to which question we now direct our attention.

The defendant had crossed this same intersection for twenty years, knew of the stop sign, that this was a place of danger, and that his view was obscured by trees to the west (left). He failed to stop as near the right of way line as is possible and by his own admission he could have seen a half a mile down the road to the left after he passed the trees and before he pulled into the eastbound lane of Route 17. Instead, he chose to stop some distance back of the right of way and then proceeded without again looking or stopping until he reached a point where he was unable to stop upon first seeing plaintiffs' car to avoid the collision.

Considering the evidence of plaintiffs' witness, Floyd Garrett, to be true concerning the speed of his car, the position of defendant's car when he observed it on Campus Road, the distances traveled by his car and that of Morris's car, and from other evidence in the record as to the speed of the Morris car, it is not unreasonable to infer that the defendant did not stop at any time before entering the preferred highway.

The instant case is surprisingly similar to the case of Ritter v. Nieman, 329 Ill. App. 163, wherein this court held that the trial court erred in directing a ver-

462

dict for the defendant on a wilful and wanton count at the close of all the evidence.

Defendant contends that alleged errors going only to the issue of liability are obviated by a verdict favorable to the complaining party and cite, Borgerson v. Chicago Rys. Co., 187 Ill. App. 65 (Abstract). In that case the court held that the giving of erroneous instructions on the right of plaintiffs' recovery were harmless where the jury found the issues for the plaintiff and that a party cannot complain where he has given like instructions.

In the instant case the jury was never given the opportunity to find for the plaintiff on the wilful and wanton count. We find the rules announced therein have no application to the instant case.

In view of the fact that this case must be reversed and remanded for a new trial, it is unnecessary for us to consider the other assignments of error urged by the appellant.

■ Neither will it be necessary to pass upon plaintiff's prayer that upon remandment the new trial be limited to the question of damages. Plaintiffs' motion for a new trial in the Circuit Court is directed to all counts of the complaint. In this court, plaintiff prays the ordering of a new trial as to the whole of complaint. A new trial may be limited to the question of damages only in cases where the court finds that the liability has been determined. The question of defendant's liability on the wilful and wanton count has not been determined in this case.

The judgments appealed from in this cause are reversed and remanded with directions to allow a new trial upon the issues joined under counts three and four of the amended complaint and answers thereto.

Reversed and remanded with directions.

McNEAL, J. concurs in reversing the judgment of the trial court and awarding plaintiff a new trial.

DOVE, P. J., specially concurring. In my opinion the trial court erred in not granting plaintiff's motion for a new trial notwithstanding defendant's consent to an additur of $4000.00. It was plaintiff who was dissatisfied with the amount of the verdict. The trial court, not the jury, increased the amount of the verdict. Plaintiff was entitled to have his damages determined by a jury and not by the Court. (56 A.L.R.2d 213, 247 annotation sec. 17.)

For this additional reason, the judgment of the trial court should be reversed and plaintiff awarded a new trial.